**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
Wheeling

**KORINNA M. STEPHENS,**

        Petitioner,

**v.**

**Civil No.: 5:22-CV-77**
JUDGE BAILEY

**WARDEN McCAFFREY,**

        Respondent.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On March 30, 2022, the pro se petitioner, Korinna M. Stephens, ("the petitioner") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1]. On April 1, 2022, she paid the $5 filing fee. At the time the petitioner filed her petition, she was incarcerated at SFF Hazelton, where she is still located. The petitioner is challenging the validity of her sentence from the United States District Court for the Eastern District of Tennessee. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

### II. FACTUAL AND PROCEDURAL HISTORY[1]

---

[1] Unless otherwise noted, the information in this section is taken from the petitioner's criminal docket available on PACER. See United States v. Stephens, No.: 3:17-CR-91-TAV-DC. Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

On July 25, 2018, pursuant to a written plea agreement, the petitioner entered a guilty plea to one count of conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). [Docs. 398, 420]. As part of her plea agreement, petitioner admitted that she had a prior felony drug conviction, resulting in the applicability of an enhanced sentence. [Doc. 398 ¶ 1]. As part of the factual basis for the plea agreement, petitioner agreed that she conspired to distribute at least 1.5 kilograms but less than 4.5 kilograms of actual methamphetamine. [Id. ¶ 4(i)]. Additionally, petitioner acknowledged that the government had made no promises to her regarding what her sentence would be, and that any estimates or predictions by defense counsel, or other persons, were not binding. [Id. ¶ 6].

As consideration for the concessions that the government made in the plea agreement, petitioner agreed to waive her right to file a direct appeal, unless she was appealing a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever was greater. [Id. ¶ 10(a)]. Additionally, petitioner agreed to waive her right to file any motion pursuant to § 2255, or to otherwise collaterally attack her conviction or sentence, unless said action was based on grounds of prosecutorial misconduct or ineffective assistance of counsel. [Id. ¶ 10(b)].

The petitioner's initial presentence investigation report ("PSR") calculated her offense level as 37 because she qualified as a career offender under the guidelines. [Doc. 638 ¶¶ 104, 110]. Following a 3-level reduction for acceptance of responsibility, the petitioner's total offense level came to be 34. [Id. ¶¶ 111-113]. The petitioner was

classified as a career offender based on four prior convictions for delivery of a Schedule III controlled substance, dihydrocodeine, and one prior conviction for aggravated robbery. [Id. ¶¶ 123, 133]. The petitioner had 13 criminal history points, resulting in a criminal history category of VI, the same category which applied under the career offender guidelines. [Id. ¶¶ 137-138]. Based on an offense level of 34 and criminal history category VI, the initial PSR calculated petitioner's guideline range as 262 to 327 months imprisonment. [Id. ¶ 161].

Petitioner subsequently filed objections unrelated to her guideline calculations. A revised PSR was prepared but ultimately did not change the petitioner's guideline imprisonment range. [Doc. 684 ¶ 161].

Upon motion of the government, the Court granted a downward departure, and the petitioner was sentenced to a term of 180 months' imprisonment. [Docs. 709, 710]. The Judgment and Commitment Order was entered on April 11, 2019. [Doc. 709].

On March 2, 2020, the petitioner filed a *pro se* motion pursuant to 28 U.S.C. § 2255, challenging the validity of her sentence. [Doc. 744]. In support of the motion, the petitioner raised three issues: (1) ineffective assistance of counsel for failure to contest her career offender status, pursuant to the decision in United States v. Havis, 927 F.3d 382 (6th Cir. 2019); (2) improper sentencing because if she had been sentenced after the Havis decision she would no longer have been classified as a career offender; and (3) ineffective assistance of counsel both for failure to object to drug quantity, and to discuss appeal. [Doc. 744, pp. 14-16; Civil Case, Doc. 1, pp. 14-16]. On November 18, 2021, the petitioner's motion pursuant to 28 U.S.C. § 2255 was denied. [Doc. 806].

## II.    Petitioner's Claims

The petitioner maintains that she is now factually innocent of being a career offender. In support of that allegation, the petitioner again relies on the Havis decision. More specifically, the petitioner argues that, in light of the ruling in Havis, she is no longer considered a career offender due to the Havis definition of a controlled substance. The petitioner further alleges that her schedule II delivery is no longer considered a predicate offense, and therefore, she should not have the career offender enhancement attached to her sentence. In support of these allegations, the petitioner asserts that had her sentencing been postponed until after the Havis decision, her sentence would be entirely different because she would no longer be subject to the career offender enhancement.

For relief, the petitioner requests that this Court remove the career offender enhancement and resentence her under the "120-month guidelines as opposed to the 240-month guidelines." [Doc. 1 at 6]. Notably, the petitioner is not disputing her conviction, only the attachment of the career offender enhancement.

### III.    LEGAL STANDARDS

**A.  Reviews of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule

1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants

As a pro se litigant, the petitioner's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

### C. Post-Conviction Remedies and Relief

Despite the title that she affixes to her petition, the petitioner is unequivocally challenging the validity of her sentence, rather than its execution and, as such, her filing is not a habeas petition under 28 U.S.C. § 2241; but rather, it is a Motion to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. See In re Vial, 115 F.3d 1192, 1193 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255

However, § 2255(e) provides a "savings clause" exception which serves as a means for petitioners to apply for a traditional writ of habeas pursuant to § 2241. It states:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not

> be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(3). The savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," Vial, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. Young v. Conley, 128 Fed Supp.2d 354, 357 (S.D.W. Va. 2001). Instead, to trigger the savings clause in the context of a challenge to the validity of a conviction, the petitioner's claim must contain all three of the following characteristics: (1) at the time of his conviction, the settled law of this circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of 2255 because the new rule is not one of constitutional law. In re Jones, 226 F.3d at 328, 333-34 (4th Cir. 2000). With respect to challenges involving the validity of a sentence, the savings clause is available only when the petitioner can establish that: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of 2255 (h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. United States v. Wheeler, 886 F.3rd 415, 429 (4th Cir.

2018). The Fourth Circuit specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be enough to satisfy the second prong of the four-part test established in Wheeler. Id. In addition, the Fourth Circuit held that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the Court does not have jurisdiction to entertain the § 2241 petition. Id. at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. See Hood v. United States, 13 Fed Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); McGee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); Hayes v. Ziegler, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. February 20, 2014), aff'd, 573 Fed.Appx. 268 (4th Cir. 2014).

## IV. ANALYSIS

Although the petitioner does not raise the savings clause, she is not entitled to its application. As previously noted, the petitioner's sentence was based on the guidelines applicable to career offenders.[2] Because the petitioner is challenging her sentence, she

---

[2] A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1. "The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forceable sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c). U.S.S.G. § 4B1.2(a). "The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. 4B1.2.(b).

must meet all four prongs of the Wheeler test for this Court to have jurisdiction to hear her challenge on the merits. In this case, even if the petitioner met the first, second, and third prongs of Wheeler, she cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, her sentence now presents an error sufficiently grave to be deemed a fundamental defect. See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018). In Lester, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker, when the sentencing Guidelines were mandatory. Id. at 714.

However, the Lester Court explicitly noted that had Lester's career offender misclassification occurred under the post-Booker, advisory Guidelines, his petition would have been barred as failing to meet the fourth Wheeler prong. Id. at 715 ("Foote[3] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines."). This is so because post-Booker, "the Guidelines lack[ ] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or

---

[3] In United States v. Foote, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255. The Foote Court concluded that such a claim was not cognizable under § 2255. Foote, 784 F.3d at 932. In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Id. at 936 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). The Foote Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice. Id. at 940, 944. See also, Braswell v. Smith, 952 F.3d 441, 450 (2020) (A fundamental defect or complete miscarriage of justice, sufficient for a petitioner to be permitted to file a habeas petition under of statute governing motions to vacate, set aside, or correct a sentence, has not occurred where the petitioner was sentenced as a career offender under an advisory Guidelines scheme.

constitutional provision." Id.  When a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." Id.  In conclusion, the Lester Court observed that "the savings clause should provide only the tightest alleyway to relief.  Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." Id. at 716. Because the petitioner was sentenced under the post-Booker, advisory Guidelines, regardless of whether this was a misapplication of those guidelines, the law in this Circuit makes clear that she cannot satisfy the fourth Wheeler prong, and, therefore, fails to satisfy the § 2255(e) savings clause.

Because the petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler, her claim may not be considered under § 2241, and this Court is without jurisdiction to consider her petition.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause."  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should

also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to her last known address as reflected on the docket sheet.

DATED: May 31, 2022

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE